Margaret Fury et al., Appellants, v. Elizabeth Kempin et al., Respondents.

## May 4, 1880.

1. A purchaser in good faith, without notice of real estate notes executed by a debtor to cover up his property, takes a good title.

2. In such a case, a bill by the debtor to enjoin the foreclosure of the deed of trust against the purchaser, presents no equity.

3. That the note-broker who sold the notes knew of the fraudulent character of the notes and deed of trust, does not affect with notice the purchaser, who bought on the faith of the record-title.

Appeal from the St. Louis Circuit Court, Lindley, J. *Affirmed.*

Castleman & Laughlin, for the appellants, cited: *Potter* v. *McDowell*, 43 Mo. 93.

Taylor & Pollard, for the respondents: He who seeks equity must do equity. — Story's Eq. Jur., sects. 64 e, 301; *Southworth* v. *Hopkins*, 11 Mo. 331; *Phillips* v. *Phillips*, 50 Mo. 608; *Mastin* v. *Halley*, 61 Mo. 202; *Cassidy* v. *Metcalf*, 1 Mo. App. 593. The appellants are estopped to deny the validity of their notes and mortgage. — Big. on Estop. 301; *Freeman* v. *Auld*, 44 N. Y. 55; *Green* v. *Kemp*, 13 Mass. 515; *Dickson* v. *Anderson*, 9 Mo. 156; *Clamorgan* v. *Green*, 32 Mo. 285; *Durette* v. *Briggs*, 47 Mo. 356; *Carn* v. *Jackson*, 1 Pet. 1. Stover had no notice of any equities claimed by plaintiffs. He purchased the notes and deed of trust before maturity, and for their full face value. Nothing short of *mala fides* in the holder can defeat his recovery. — *Hamilton* v. *Marks*, 63 Mo. 168; *Goodman* v. *Simonds*, 20 How. 343; *Saybel* v. *National Currency Bank*, 54 N. Y. 288; *Phelan* v. *Moss*, 67. Pa. St. 59; *Lake* v. *Reed*, 29 Iowa, 258. That the broker had notice does not effect the purchaser with notice. — Story on Ag., sect. 140; Story's Eq. Jur., sect. 408.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff's case is substantially as follows: In March, 1876, the plaintiff, John F. Fury, was owner of the real estate concerned in this controversy, and, desiring to protect it against certain judgments which he apprehended were about to be entered against him, made a sham conveyance of the property to Joseph F. Donovan, as trustee, ostensibly to secure an alleged indebtedness to Kempin & Chapman. There was, in fact, no such indebtedness existing, nor any real consideration for the deed. Afterwards Chapman, in company with Fury, and perhaps others, went to Donovan and demanded that he make a sale in foreclosure of the trust-deed. Donovan made the sale in due form, and, by a common understanding among the parties (including Fury), the property was bid in by defendant Hull for Kempin & Chapman. In this transaction, no money was passed except for the expenses of the sale, all of which were defrayed by Fury from his own means. It was at all times understood that the property still belonged to Fury, and that all these several transactions were merely for the purpose of more effectually covering up the title in other parties for his benefit, and so that it could not be reached by his creditors.

The partner Kempin died, bequeathing all his real estate to the defendant Elizabeth Kempin, his widow. On September 8, 1877, the survivor Chapman and his wife, together with Mrs. Kempin, conveyed the property by a trust-deed to the defendant Leon L. Hull, as trustee, to secure the payment of a note for $1,500, payable in three years, with six half-yearly interest-notes, all in favor of John Duncan. The second interest-note remained unpaid at maturity, whereupon the trustee, in accordance with the terms of the deed, advertised the property for sale. The present suit is for an injunction perpetually restraining such sale, on the grounds that the execution of the trust-deed was a fraud on the plaintiffs Fury and wife, and a violation of the trust held

in their behalf by the grantors ; was without any real consideration of money borrowed or otherwise, and was fraudulently contrived and intended to cheat the plaintiffs, and deprive them of their property.   The temporary injunction was finally dissolved on motion, and the plaintiffs' bill was dismissed.

It appeared from the testimony that on September 19, 1877, Mrs. Kempin, and Chapman and wife executed a deed conveying the property to Dennis O'Connor, in trust for the sole and separate use and benefit of the plaintiff Margaret Fury, wife of the plaintiff John F. Fury.   The expressed consideration was $3,000 ; but Fury testifies that no money was paid except for the expenses of the conveyance, which were paid by himself.   He says, further, that he also gave two " fictitious " notes for $750 each, which were afterwards returned to him ; that as a mere form of payment, he handed to Hull about $700 or $800, which Hull immediately paid back to him.   During the time of all these transactions, Fury occupied, with his family, a part of the premises, but never paid any rent therefor.   These and some other incidents are introduced to show the extent to which it was generally acknowledged that Fury and wife always owned the property, and that to each and all of the several conveyances there was attached a secret trust in their favor.

It further appeared in testimony that the defendant Hull, as a loan-broker, had in his possession, and for sale, the notes which were secured by the trust-deed whose foreclosure is here sought to be enjoined ; that they were offered by him to Emanuel Stover, who, having first become satisfied from the records about the title, and personally inspected the property, agreed to take them.   The notes were made payable, for convenience, to John Duncan, who indorsed them without recourse to Stover.   Stover testifies that he had no notice or knowledge of any secret trusts, and that he acted in good faith, solely upon the effect of the several

conveyances above mentioned, as they properly appeared upon the public records. There was some conflicting testimony about matters of minor interest; but none of it, however viewed, could influence the material questions in this controversy.

Plaintiff's counsel appear to recognize the law that, in order to affect a grantee with a secret trust, or with one not apparent of record, he must have actual notice of it, either by himself, or by an agent employed in and about the particular transaction. It is not pretended that Stover, the holder of the notes, had personal knowledge or information of any fact or claim whatever, inconsistent with the plain purport of the recorded deeds. But it is contended that the defendant Hull knew all about the secret trusts, and that, inasmuch as he was Stover's agent in negotiating the loan, notice to him was notice to his principal. There is in the testimony, no foundation for this claim. It appeared that Hull had negotiated sundry other loans for Stover, but in this instance he simply acted for Kempin & Chapman in selling the notes. He was in no sense an agent for Stover in the particular matter about which notice was requisite, in order to sustain the plaintiffs' case. Had he been intrusted by Stover with the money for a discretionary investment, and, with full knowledge of the alleged trusts which lay behind the recorded title, selected this particular property for the investment, Stover would unquestionably have been bound by the knowledge of his agent. There would, in such a case, be no more reason for releasing him from the consequences of his agent's knowledge than there would be for discharging him if he had personally performed the transaction with the same fatal knowledge. But here was no such case. Hull stood in no such relation to Stover as would make his acts and knowledge the acts and knowledge of Stover. Stover intrusted Hull with no discretion in the selection of the security. He relied wholly upon his own judgment, after first satisfying himself, from all the sources

of knowledge which the law requires a prudent man to consult, that the title was perfect in the proposed grantors. There is no equity in the demand that Stover shall be subjected to loss by his ignorance of a fact which was deliberately concealed from him and from all the world by the plaintiffs in interest, for purposes of fraud against their creditors. The principles governing all such cases are too well settled to require any citation of authorities. The case of *Potter* v. *McDowell*, 43 Mo. 93, has no application here. That decision gave to an attaching creditor, whose rights had accrued prior to the indorsement of notes secured by a fraudulent deed of trust, a preference over the holders of the notes. For the purposes of that case both parties might be considered as innocent claimants. But here the perpetrators of a fraud against creditors seek, with their allies, to prevail over a party for whose benefit the registration laws are provided as a protection against just such frauds.

All the judges concur in affirming the judgment.