VALENTINE, Respondent, *vs.* HAVENER, Appellant.

1. The only effect of a failure by a mortgagee to make a subsequent incumbrancer a party to the proceeding to foreclose is to leave his right to redeem still open.   It will not defeat an action for the possession by the mortgagee claiming under the foreclosure.
2. An unrecorded deed is good against a judgment, if recorded before an execution sale under the judgment. (*Davis* v. *Ownsby*, 14 Mo. Rep. 170, affirmed.   Scott, J., dissenting.)

| | |
|---|---|
| 20 | 133 |
| 31a | 16 |
| 20b | 133 |
| 45a | 269 |
| 20b | 133 |
| 188 | 383 |
| 140 | 381 |
| 20b | 133 |
| 143 | 474 |
| 20 | 133 |
| Case 2 | |
| 171 | [1]432 |
| 173 | [2]451 |

*Appeal from Franklin Circuit Court.*

Action for the possession of land.   The plaintiff claimed under a mortgage executed to him by John F. L. Brown, dated July 22, 1844, and recorded January 26, 1846.   Suit was brought against Brown alone to foreclose the mortgage, the plaintiff purchased the land at an execution sale under the judgment of foreclosure, and received from the sheriff a deed dated April 9, 1852.

The defendant answered, setting up that his landlord purchased the land at an execution sale under a judgment rendered on the 4th of October, 1845, against Brown and another, and that he received a sheriff's deed dated April 10, 1846. The deed showed that the levy under which the sale was made,

took place on the 16th of March, 1846. The defendant further insisted that his landlord was not bound by the proceeding to foreclose the mortgage, because not a party to it. This answer was, on motion, stricken out, and judgment entered for the plaintiff, from which the defendant appealed.

*M. Frissell,* for appellant. Under the 8th section of the act concerning mortgages, (R. C. 1845,) the defendant, not being a party to the suit to foreclose, is not bound by the judgment of foreclosure. After foreclosure and sale, and the execution of the deed, the mortgage is merged, and is of no further use than to show the date of the inception of the title conveyed by the deed.

*Stevenson* and *Gale,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The only question for our consideration in this case involves the propriety of the act of the court below in striking out the answer of the defendant to the plaintiff's petition.

The plaintiff sets up his right to the possession of the land mentioned in his petition, under the mortgage made by John F. L. Brown. This mortgage appears from the record to be dated 22d July, 1844 ; was acknowledged the same day, and filed for record in the proper office in Franklin county, where the mortgaged premises are situated, on the 26th January, 1846, and was recorded January 30th, 1846. Plaintiff shows a sheriff's deed to the premises, made to plaintiff under a sale by virtue of an execution on a judgment foreclosing the mortgage. This sheriff's deed was dated 9th April, 1852. In short, the plaintiff's petition sets up a right to the possession of the land mentioned, under the mortgage made by said John F. L. Brown.

The defendant's answer shows that he claims possession of the land in the plaintiff's petition mentioned, by virtue of a sheriff's deed, dated and executed on the 10th of April, 1846, made by virtue of a sale by the sheriff of Franklin county,

on an execution issued on a judgment of Franklin Circuit Court, rendered on the 4th of October, 1845, in favor of John C. McKenney and Nancy McKenney, against John F. L. Brown and William J. Brown; that the sheriff executed the deed to William J. Brown, and that the same was duly recorded before the proceedings to foreclose the mortgage by which the plaintiff claims title; and that the said William J. Brown was not made a party to that proceeding, and is no wise bound thereby; nor is the plaintiff entitled to the possession, as against the said William J. Brown or any person holding under him; that the defendant holds possession as tenant of William J. Brown, assignee of John F. L. Brown, as above stated; that, from the date of the sale above stated, possession has been held in conformity with said deed.

The plaintiff moved the court to strike out this answer of defendant, and assigned, among other reasons, that the answer of defendant did not set up any defence in law to the action of plaintiff; that no title was acquired by the said William J. Brown, which could affect the plaintiff's claim under the mortgage.

The court sustained this motion, struck out the answer, and the defendant failing to file another or amended answer, judgment was had against him, and he appeals to this court.

1. In the opinion of this court, the facts set forth in the defendant's answer constitute no defence to the plaintiff's right of possession, as set forth in his petition, and the same was properly stricken out.

The plaintiff shows that the mortgage was executed to him on 22d July, 1844; that he proceeded to foreclose this mortgage and became the purchaser. All the interest and estate then that the mortgagor had, at the date of the mortgage, by virtue of this foreclosure, and sale and purchase by plaintiff, became vested in the plaintiff. John F. L. Brown had no title after that sale. So far as he was concerned, all the title which he had at the date of the mortgage passed over to the mortgagee, the plaintiff, by that sale.

This sale to the plaintiff took place after the defendant purchased John F. L. Brown's interest at the sheriff's sale, on McKenney's execution. McKenney's judgment was of date prior to the time of the *recording* of the mortgage; yet the mortgage was elder than the judgment, and was recorded *before* the defendant's purchase.

So far then as between mortgagor and the mortgagee, the plaintiff has all the right and estate which both had at the date of the mortgage, by virtue of the said foreclosure and sale.

The defendant, therefore, although the mortgage may, as to him, be considered open, and he may be at liberty to redeem it, he being no party to the foreclosure, cannot set up John F. L. Brown's title and right, so as to defeat this plaintiff's action. The effect of the omission to make the incumbrancer a party to the proceeding to foreclose, will be and can be only to let such incumbrancer redeem in this case.

2. But, in my view of this subject, the prior mortgage, though not recorded until after judgment, yet being recorded before the sale under the execution issued on this judgment, at which the defendant buys, said mortgage being afterwards foreclosed and property sold, the purchaser at the sale on the foreclosure will hold against the purchaser under the judgment. This view is in accordance with the principles of this court, expressed in the case of *Davis* v. *Ownsby*, 14 Mo. Rep. 170 ; and Judge Gamble concurs fully with this view, and with the law as laid down there. Judge Scott dissenting.