AMOS J. STILLWELL, Plaintiff in Error, v. SUSAN McDONALD *et als.*, Defendants in Error.

*Conveyances—Recording—Attachments.*—A deed for land executed and delivered before but recorded after the levy of an attachment, and before the sheriff's sale under the judgment, takes precedence of the sheriff's deed. The deed is valid as between the parties thereto without recording. The attaching creditor is not a purchaser under the statute, and the deed being recorded at the date of the sheriff's sale, the purchaser buys with notice.

*Error to Hannibal Court of Common Pleas.*

On the 10th day of May, 1860, one Angus W. McDonald was the owner in fee of the ground sued for, and on that day conveyed one undivided half of said lots to his brother Edward C. McDonald, since deceased. The deed was recorded December 7, 1860. Before said deed from Angus W. to Edward C. McDonald was filed for record, one Samuel S. Watson, without any notice thereof, sued out a writ of attachment against the said Angus W. McDonald and caused said Angus to be personally served and the land in controversy to be attached November 7, 1860. Watson prosecuted his said suit by attachment against Angus W. McDonald, and on the 14th day of April, 1862, obtained final and general judgment. On this judgment Watson caused a special execution to issue, and said execution was levied on the land in controversy as the property of the defendant Angus W. and it was sold by said sheriff, and the plaintiff in error

became the purchaser and obtained a deed from said sheriff therefor conveying to him all the right, title interest, claim and pretension whatsoever that said Angus W., the defendant in said execution, had in said premises at the time of the levying of said writ of attachment thereon. Susan McDonald the widow, and the other defendants, as heirs at law of said Edward C. McDonald, deceased, having the land in possession, Stillwell brought this suit against the defendants in error in the Hannibal Court of Common Pleas to recover the property and test the title.

*S. S. Allen*, for plaintiff in error.

I. An attachment is a lien on real estate from and after the moment of its levy or service—Drake on Attach. 226-7; Davenport v. Tilton, 10 Metc. 320; Kittridge v. Warren, 14 N. H. 509; Vreeland v. Brown, 1 Zabris. (N. J.) 214; Wells v. Blander, 10 Smead & M. 348; Downer v. Brackett, 5 Law Reporter, 393; Rowell's case, id. 300; 21 Vt. 599 & 620; Haughton v. Eustice, 5 Law Rep'r, 505; Ingram v. Phillips, 1 Day, 117.

II. The levy of a writ of attachment on land not only creates a lien or charge thereon from the moment of its levy, but a sale under an execution issued on the judgment against the defendant in the attachment relates back to the time of the levy of the attachment and passes the title of the defendant to the purchaser—23 Mo. 85.

*G. Porter*, for defendants in error.

Respondents rely upon the principles settled by this court in the case of Valentine v. Havener, 20 Mo. 133 (and the case of Davis v. Ownsby, 14 Mo., therein cited and thereby affirmed), as analogous strictly to that involved in the case at bar. This principle is based alike on precedent and policy, commends itself to our sense of natural justice, and is now regarded (as it has been for many years) as the settled doctrine of this State. To disturb it now would work great confusion in the titles to real estate and much hardship.

In this particular case, it would be obviously unjust that it should be disturbed. The failure to record the deed under which respondents claim through Edward C. McDonald, was an inadvertence, and no pretence of any fraud in fact or intention is shown by the testimony. On the whole case, the respondents insist that the judgment of the court below be affirmed.

HOLMES, Judge, delivered the opinion of the court.

But a single question is presented by the record in this case, and that is whether the purchaser at a sheriff's sale under a judgment and execution in an attachment suit levied on real estate, will take the title against a prior deed executed and delivered before the date of the levy of the attachment, though not rendered until after such levy, but duly acknowledged and recorded before the judgment sale and sheriff's deed to the purchaser. This question must be considered as already decided and put at rest by the former decisions of this court in Davis v. Ownsby, 14 Mo. 170, and in Valentine v. Havener, 20 Mo. 133. It was held that the object of recording was to impart notice to subsequent purchasers and mortgagees, and not to creditors merely as such ; that a creditor acquired a lien by his judgment which would bind the estate against any subsequent act of the defendant, but that the purchaser at the sale under the judgment was the first person to be affected by the notice as a purchaser. The lien of an attachment can certainly give no greater interest, or be more effectual, than the lien of a judgment. A deed unrecorded is not to be valid except between the parties, but between the parties it is valid and conveys the title. At the date of this levy, then, the defendant in the attachment suit had no interest or property in the estate conveyed which could be subject to attachment as his property, and the plaintiff acquired no interest in it by virtue of his levy. He did not thereby become a purchaser in the sense of the statute ; but before the sheriff's sale and deed the prior conveyance had been duly acknowledged and recorded, and the

purchaser at the sale was affected with notice. We think the deed was rightly admitted, and that there was no error in the ruling of the court below.

Judgment affirmed. The other judges concur.