JOHN D. POTTER, Appellant, *v.* GEO. W. McDOWELL *et al.*, Respondents.

| | |
|---|---|
| 43 | 93 |
| 31a | 16 |
| 43 | 93 |
| 45a | 269 |
| 43 | 93 |
| 138 | 383 |

1. *Vendor and Purchaser — Judgment Sale — Attachment — Lien — Priority.* — A *bona fide* purchaser of real estate who has failed to record his deed until after a judgment is obtained against the vendor, but who records it before a sale under the judgment, will hold it against a purchaser under the judgment; and this is true of a judgment and sale in a suit by attachment. (Stillwell v. McDonald, 39 Mo. 282, affirmed.)

2. *Note — Mortgage — Innocent Indorsee — Title of, to land secured by.* — A *bona fide* indorsee of negotiable paper received before maturity is not affected by any latent equities between the original parties to it. But this rule is an incident of its negotiability, and is established by the law merchant; and the indorsee by such indorsement acquires no legal interest in property conveyed by deed of trust to secure the note. The mortgagee retains the legal title; and if the deed of trust is fraudulent and void, the indorsee of the note cannot enforce it against an attaching creditor whose rights attached before the indorsement of the note.

7—XLIII.

Potter v. McDowell et al.

*Appeal from St. Louis Circuit Court.*

In reference to this case, see 31 Mo. 62 ; 40 Mo. 229, 591. For statement of facts pertinent to the case, see also opinion of the court.

*Knox & Smith*, for appellant.

*Cline, Jamison & Day*, and *Glover & Shepley*, for respondents.

I. The transfer of a note secured by a deed of trust carries with it the security as an incident, and the decisions all hold that there is no necessity of any separate assignment of the mortgage or deed of trust securing notes indorsed over, and equities are cut out on the mortgage the same as on the note which it secures. (Anderson v. Baumgartner, 27 Mo. 80 ; Thayer v. Campbell, 9 Mo. 277 ; Keyes v. Wood, 21 Verm. 331 ; 1 Hil. on Mortg. ch. 11, § 10 ; Chappell v. Allen, 38 Mo. 213 ; Croft v. Bunster, 9 Wis. 503 ; Dutton v. Ives, 5 Mich. 515 ; Martineau v. McCollum, 4 Chand. 153 ; Reeves v. Scully, Walk. Ch. 248.)

II. The defendants are in the position of mortgagees in good faith, without notice of any fraud in the transactions between McDowell and Stevens, and take a good title, to the extent of their interest in the notes, to the property in question. (Gen. Stat. 1865, p. 439, § 3 ; Knox v. Hunt, 18 Mo. 174 ; Fox v. Clark, 1 Walk., Mich., Ch. p. 535.) And it is well settled that a mortgagee is a purchaser to the extent of his interest in the premises, within the meaning of the term purchaser as used in the statute of fraudulent conveyances. (Ledyard v. Butler, 9 Paige Ch. 137, and numerous cases there cited.)

III. If it be true that these note holders are to be regarded as innocent and *bona fide* purchasers of the property in controversy, then the defendants have a priority of title so far as the recording of their deeds is concerned. Both the deed from McDowell to Stevens and the deed of trust from Stevens to McDowell were recorded before the property was sold by the sheriff to the plaintiff, and indeed before the rendering of any of the judgments by virtue of which the property was sold. And it has been decided that a

*bona fide* purchaser of property who has failed to record his deed until after a judgment has been recovered against his vendor, but who records it prior to any sale under the judgment, can hold it against the person holding under the judgment. The purchaser of the property under the judgment in favor of a creditor is the first person to be affected with notice either actual or constructive, and the recording of the deed before the purchase is notice to him. (Davis v. Ownsby, 14 Mo. 170 ; Valentine v. Havener, 20 Mo. 133 ; Ledyard v. Butler, 9 Paige Ch. 136.)

BAKER, Judge, delivered the opinion of the court.

This is a suit to set aside a deed of trust, executed by A. J. L. Stevens to George W. McDowell and W. E. Tyler as trustees, to secure the payment of five promissory notes executed by said Stevens to John McDowell. The petition alleges that on the 31st day of March, 1858, John McDowell and wife, by their deed, conveyed to Andrew J. L. Stevens certain real estate on St. Ange street, in the city of St. Louis ; that said John McDowell was, at that time, insolvent, and made said conveyance for the purpose of defrauding his creditors ; that said deed has been annulled by a decree of the St. Louis Circuit Court ; that at the time the deed was executed to said Stevens, in furtherance of said fraudulent purposes, he executed his five promissory notes to said John McDowell, each for $5,000, due respectively in one, two, three, four, and five years after date ; that on the same day he executed to G. W. McDowell and W. E. Tyler, trustees of said John McDowell, a deed of trust of said property to secure the payment of said five notes, and that said deed of trust was fraudulently withheld from record until the 17th day of July, 1858. The petition further alleges that, on the 8th day of April, 1858, a firm of which the plaintiff was a member had a large claim against John McDowell, on which he instituted suit by attachment and attached said property, and on the next day caused said Stevens to be summoned as garnishee ; that the note for $5,000, payable one year after date, was paid at maturity ; that said John McDowell, for the purpose of defrauding his creditors, after the 9th day of April, aforesaid, assigned, as collateral security, one of said

notes to W. H. Dorsett, one to James Pleasants, one to Henry Tyler, and one to Richard H. Stevens; that the said Stevens, Tyler, Pleasants, and W. D. Shumate as administrator of said Dorsett, still hold said notes. It is further alleged that said attachment suit was prosecuted to final judgment, and that an execution was issued on the same, on which, with other executions against said McDowell, said property was sold and was purchased by the plaintiff; that said deed from John McDowell to said Stevens has been canceled by a decree of the Circuit Court; that said notes are held by said defendants as collateral security only; that there was no extension of time or other consideration; that the transfer of said notes was not sufficient to pass any title to said property, or right to enforce their payment by virtue of said deed of trust; and that the defendants knew of said fraudulent acts and purposes of Stevens and McDowell before the notes were transferred to them.

The defendants answer separately, and all admit that they hold said notes respectively, as stated in the petition, and that they were received as collateral security for pre-existing liabilities, except the one indorsed to Tyler, which, it is averred, was taken in payment of a debt due to him from said McDowell; but they deny that the conveyance from McDowell to Stevens was made to defraud the creditors of McDowell, as well as all the other fraudulent acts and purposes charged in the petition, or that they had any knowledge of any such fraudulent purposes and acts when the notes were indorsed to them.

It appears from the evidence that the note indorsed to Tyler was received by him in payment of a claim due from McDowell to him, and that the other notes were received as collateral security on other claims, and that there was no extension of time or other consideration aside from the debt they were taken to secure. They were all received after the attachment in this case was levied, except the one indorsed to R. H. Stevens. It is not clear whether that was received by him before or after the property was attached.

It is unnecessary to recapitulate the testimony in relation to the fraudulent nature of the transactions between McDowell and Stevens about the St. Ange property. That question has been

before this court three times before, and will be found fully reported in 31 Mo. 62, and 40 Mo. 229, 591. This court then declared the transaction to be fraudulent and void as to creditors. The testimony is not materially different now from what it was in the previous suits, and the defendants here do not insist that the transaction was *bona fide*. They claim that they had no notice of its fraudulent nature when the notes were indorsed to them, and that they received them in good faith for valuable considerations. The deed of trust made to secure these notes was not recorded until the 17th day of July, 1858, more than three months after the property was attached. The plaintiff's counsel insists that the attachment having been levied on the property before the deed of trust was recorded should take precedence of it; and we are asked to review the decisions of this court in the case of Davis v. Ownsby, 14 Mo. 170, and subsequent cases following the doctrine there laid down. In the above-named case the court decided that a *bona fide* purchaser of real estate who has failed to record his deed until after a judgment is obtained against the vendor, but who records it before a sale under the judgment, will hold it against a purchaser under the judgment. This decision was followed in the case of Valentine v. Havener, 20 Mo. 133, Judge Scott dissenting, and in the case of Stillwell v. McDonald, 39 Mo. 282, when the principle was applied to a judgment and sale in a suit by attachment. These decisions involve a construction of our statute relating to the conveyance of real property, and I think the rule laid down by them is contrary to the spirit and intention of the statute; but it has been so long acquiesced in as an established rule affecting the rights of property that it will not now be disturbed. It is more important that rules of law affecting the rights of property should be stable than wise. This leads us to consider whether the holders of these notes are entitled to the benefit of the fraudulent deed of trust. The maker of the deed, the trustees, and the party from whom they derived title to the notes, are all parties to the manifestly fraudulent transaction of which the notes are a part. There is not sufficient evidence to charge the holders of the notes with knowledge of the fraud. Being innocent holders, their title to them must be considered perfect. The *bona fide*

indorsee of negotiable paper received before maturity is not affected by any latent equities between the original parties to it. This, however, is an incident of its negotiability. The indorsement of the notes gave the defendants no legal interest in the property. Their lien is not a legal lien; it is an equitable one raised by implication. A mortgagee holds the legal title in this State, and may maintain ejectment on it. When the note or bond which the mortgage is given to secure is indorsed or assigned, the mortgagee becomes the trustee for the person holding it. This is an equitable relation only; his legal title still exists. The mortgage is governed by the law relating to real property and the notes by the law merchant. Now if the deed of trust is fraudulent and void, the indorsees of the notes which it was given to secure cannot enforce it against the attaching creditor whose right attached before the indorsement of the notes. These notes were all indorsed after the property was attached. The only one about which there is any question is the note indorsed to R. H. Stevens. His testimony is indefinite on this subject. He says that he got it a day or two after the sale of the St. Ange property to his brother; but he afterward says that he got it shortly afterward —less than a month. He further testified that he knew of the sale of the property a few days after the sale took place. John McDowell testified that all the parties knew what the consideration of the notes was when they received them. If this is true, R. H. Stevens knew of the sale when he received the note, which, he says, was a few days afterward. As he is a party to this suit, and deeply interested in the result, he most likely would have fixed the time within the eight days that intervened between the sale and the attachment, if the facts would have justified it. At all events, I think the *onus* of establishing this point was on him. He must, therefore, be considered as having received the note also after the property was attached.

The notes being in the hands of McDowell when the attachment was levied, the lien of the plaintiff was perfect, and cannot be divested by the subsequent acts of the other persons. They are in no better condition than they would have been in if they had taken a deed to the property at the time it was attached instead

of the notes. The sheriff's deed is *prima facie* evidence of the facts recited in it, and is sufficient proof of the levy of the attachment, when uncontradicted by other evidence. The preceding is sufficient to show that the defendants are not entitled to any benefit from the deed of trust. It is therefore not necessary to consider the other questions argued.

The judgment of the court below will be reversed, and a decree will be entered in this court as prayed for in the petition. The other judges concur.