MARY SAPPINGTON, Respondent, v. FREDERICK OESCHLI AND JOHN OESCHLI, Appellants.

1. *Mortgage—Attachment—Title under mortgage prevails, when.*—Title under a mortgage on real estate, not recorded at the institution of a suit by attachment on the same land, will prevail over that acquired by the purchaser at the execution sale under the attachment, if the mortgage be recorded prior to the sale. The holder of the mortgage title is not estopped from asserting his claim by reason of his failure to record the mortgage prior to the attachment.
2. *Mortgage — Ejectment.*—A mortgage title is sufficient after forfeiture to authorize an action of ejectment.
3. *Sheriff—Deed of, relates back to sale, when.*— When no rights intervene, a sheriff's deed under a mortgage sale will relate back to the time of the sale under the foreclosure, so as to vest in the purchaser title from that time.

*Appeal from Pettis Circuit Court.*

*Philips & Vest*, for appellants.

I. The action was brought in August, 1868, and the sheriff's deed to plaintiff, on which alone she could assert title, was not made until August, 1869. She was bound to show title before the date of the ouster laid in the petition. (Buxton v. Carter, 11 Mo. 481 ; Seglar v. Vankeper, 10 Wend. 414.) The doctrine

of relation invoked by the plaintiff applies only as between parties and privies, and never as to strangers, which is the case here. (Alexander & Betts v. Merry, 9 Mo. 514, 529 ; Jackson v. Bard, 4 Johns. 230–34.)

II. Although our registry law provides no time in which a deed shall be filed for record, yet the intendment of the law and the proper construction of the act would require that it should be done in a reasonable time, and under the circumstances of this case eight years was an unreasonable length of ·time· to have withheld this deed of mortgage from record. (Reed v. Austin, 9 Mo. 731 ; Bryson v. Penix, 18 Mo. 15–16 ; Cushing v. Hurd, 4 Pick. 257.) Especially must this be the just and necessary construction of this act, where the rights of third parties are to be affected by a long-deferred act of filing ; and plaintiff, in the case at bar, is estopped from setting up her pretended mortgage to defeat the just and equitable demands of these creditors. (19 Mo. 204–8 ; 2 Johns. Ch. 36–45 ; Mosby v. Garret, 1 J. J. Marsh. 212 ; Chouteau *et al.* v. Goddin *et al.*, 39 Mo. 250 ; 1 Johns. Ch. 344.)

*F. P. Wright*, for respondent.

A mortgagee may maintain an action of ejectment against the mortgagor and those . claiming under him after forfeiture, the legal title being vested in the mortgagee (Walcop v. McKinney, 10 Mo. 229) ; and the legal title after forfeiture is so effectual as to enable a defendant in ejectment to plead it in bar as an outstanding title, equal to any other, so as to defeat a recovery. (12 Mo. 603.) After forfeiture the mortgagor and those claiming under him are like tenants at will ; they hold the possession or receive the rents by the mere tacit agreement or consent of the mortgagee, but the mortgagee may put an end to such tacit agreement when he pleases. The effect of the sheriff's deed to plaintiff was to vest the title in her by relation from the day of sale, which took place July 29, 1868. (Cross v. Wallace, 12 Mo. 145 ; Alexander & Betts v. Merry, 9 Mo. 145.) The relation back to the time of sale works them no injury. They purchased with knowledge, and after the mortgage was recorded and while the suit for foreclosure was pending.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment, originally brought by plaintiff against the defendants in the Pettis Common Pleas Court, and transferred from that court to the Circuit Court of Pettis county, by consent of parties.

The petition was in the usual form for the possession of the east half of the southwest quarter of section 8, township 43 of range 23, situated in Pettis county. The answer was a general denial. The case was tried before the court sitting as a jury, and judgment was given in favor of the plaintiff for possession, etc. Both parties claimed title under one Thomas N. Christian, who held the land by patent from the United States.

The plaintiff, to maintain the issues on her part, relied upon a mortgage executed to her by Christian, in 1858, to secure a debt evidenced by a note for some $800. This mortgage was duly executed and acknowledged, but was not recorded until the 6th of January, 1866. The plaintiff brought suit for foreclosure and sale of the mortgaged premises, and obtained judgment in the Pettis Circuit Court on the 3d of September, 1866, and a special execution was issued on this judgment in June, 1868, and a sale was made thereon on the 29th day of July, 1868, during the session of the Pettis Circuit Court, and the plaintiff at this sale became the purchaser of the mortgaged land. The sheriff made her a deed on the 4th day of August, 1869, which recites the foregoing facts. This deed was acknowledged in open court on the 4th of August, 1869, and an entry to that effect made of record; but the clerk omitted to state in the acknowledgment written on the deed that it was taken in open court, and also stated that it was made the 2d of August instead of the 4th of August, 1869. And the defendants objected to the reading of this deed on that ground, and also on the ground that it did not relate back, as to them, to the time of the sale. But the court overruled these objections, and the defendants excepted. The plaintiff then proved possession by defendants at the commencement of the suit, and rents and profits, and rested.

The defendants then, to maintain the issues on their part,

offered as evidence a sheriff's deed, made in 1864, to Logan Clark, on attachment judgment in favor of Logan Clark against said Christian. But this deed was rejected, and properly so, as it did not contain the land in dispute. The defendants then introduced another sheriff's deed, reciting an execution of date January 6, 1866, on the same judgment in attachment, in favor of Logan Clark against said Christian, and a sale under this execution on the 2d day of May, 1866, at which the defendants became the purchasers of the land in dispute. The defendants then introduced Logan Clark as a witness, who testified that he gave credit to Christian on the faith that he was the owner of the land, and that it was unencumbered, and evidence that the plaintiff was residing with Christian when Clark's debt was created, and other evidence tending to show that other persons had credited Christian on the faith that this land was unencumbered.

The plaintiff then asked several declarations of law, which it is unnecessary to recite, and the defendants also asked two declarations, which were refused, to the effect that the plaintiff was estopped by the facts of this case from setting up her title under the mortgage and the foreclosure sale, and to the effect that as the defendants were strangers, the sheriff's deed to plaintiff did not relate back to the time of the sale under the foreclosure, so as to vest in the plaintiff a title before the ouster laid in the petition.

The main question in this case is as to the proper construction to be given to our registry acts. Ever since the decision in the case of Davis v. Ownsby, 14 Mo. 170, it has been the settled law of this State that the title of a *bona fide* purchaser or mortgagee, under a deed or mortgage not recorded, is good against creditors at large, and is also good against sales under judgments and executions, if the deed or mortgage is duly recorded before such sales. This has been the uniform ruling of this court since the decision referred to. (See Valentine v. Havener, 20 Mo. 133; Stilwell v. McDonald, 39 Mo. 282; Porter v. McDowell, 43 Mo. 93; Reed v. Ownby, 44 Mo. 204.) There is no pretense that there was any fraud in the debt or mortgage held by the plaintiff against Christian. So far as this record shows, she was a *bona*

*fide* creditor, and the mortgage was executed in good faith to secure an honest debt. Her mortgage, therefore, must prevail over the execution sale under the judgment in attachment. To hold otherwise would be to overrule the decision in the case of Davis v. Ownsby, and all the other cases in this State since that time, and such a ruling would shake the titles to an immense amount of real property.

Where a course of decisions so long acquiesced in has become a rule of property, it would be exceedingly unwise and injudicious to attempt to change it. Being the settled law of the land, it must remain such till the Legislature sees fit to alter it. An act of the Legislature must be prospective, and could not affect vested rights, whilst a decision of this court changing this rule would necessarily retroact and unsettle titles.

There is nothing in the question of estoppel raised and discussed here. The facts detailed in evidence create no estoppel against the plaintiff asserting her title under the mortgage and foreclosure sale.

The mortgage itself in this case was a sufficient title to maintain this action of ejectment. But the sheriff's deed under the foreclosure sale related back to the time of the sale, so as to vest the unconditional title to this land in the plaintiff from that time.

There were no intervening rights to prevent the sheriff's deed from relating to the sale. The defendants were strangers, it is true, but the sheriff's deed to them was behind the mortgage, and did not vest them with any rights intervening between the sale under the judgment of foreclosure and the execution of the sheriff's deed to the plaintiff. So there was nothing at all in this case to prevent the sheriff's deed to the plaintiff from relating to the sale.

The technical objection to the date and form of acknowledgment on the sheriff's deed to plaintiff was superseded by the amendment which was made by the order of the court.

The judgment must be affirmed. The other judges concur.