Fox, *Appellant*, v. HALL.

**Quit-claim Deed:** RECORDING OF DEEDS. As against an unrecorded deed, a subsequent quit-claim deed from the same grantor will pass the title, provided the grantee takes for value and without notice of the former deed.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Wm. Heren* for appellant.

*Vinton Pike* for respondent.

HOUGH, J.—The chief question in this case is, whether one who takes a quit-claim deed without notice of a prior unrecorded conveyance from the same grantor, acquires a good title. This precise question has never been passed upon by this court. The provisions of our statute requiring conveyances to be recorded, and declaring the effect of unrecorded deeds are as follows :

Section 691. " Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, in law or equity, proved or acknowledged, and certified in the manner hereinbefore prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated."

Section 693. " No such instrument in writing shall be valid, except between the parties thereto, and such as

have actual notice thereof, until the same be deposited with the recorder for record."

It has been held in several cases that where one takes a title to land, by quit-claim, which, in the hands of the grantor, is subject to equities to which the recording act does not apply, the grantee by quit-claim will take the land subject to such equities. *Stoffel v. Schroeder*, 62 Mo. 147; *Stivers v. Horne*, 62 Mo. 473; *Mann v. Best*, 62 Mo. 491; *vide* also *Oliver v. Piatt*, 3 How. (U. S.) 383; *May v. Le Claire*, 11 Wall. 232; *Springer v. Bartle*, 46 Iowa 688. And in *Ridgeway v. Holliday*, 59 Mo. 444, a quit-claim deed from one whose title had been transferred by adverse possession, was held to pass no right as against the adverse occupant to whom such title had been so transferred, for the reason that such title by possession was not subject to the recording acts, and could not be recorded, and the grantee in the quit-claim deed took only what the grantor could lawfully convey. It has been repeatedly decided by this court that a grantee in a sheriff's deed, made in pursuance of a sale under execution, is a purchaser within the meaning of the recording act, and it is equally well settled that by virtue of such conveyance he takes only such interest as the judgment debtor had. *Draper v. Bryson*, 26 Mo. 108; *Dickson v. Desire's Admr.*, 23 Mo. 166; *Mann v. Best*, 62 Mo. 491. In other words, a grantee in a sheriff's deed acquires precisely the same rights which he would have acquired by a quit-claim deed from the judgment debtor, except in cases where the judgment debtor has made fraudulent conveyances before judgment, in which cases the purchaser at execution sale acquires the additional right to set such conveyance aside. Numerous decisions lay down the rule that a *bona fide* purchaser of property who has failed to record his deed until after a judgment has been recovered against his vendor, but who records it prior to sale under the judgment, can hold it against the person purchasing under the judgment. *Davis v. Ownsby*, 14 Mo. 170; *Valentine v. Havener*, 20 Mo. 133; *Stillwell v. McDonald*, 39 Mo. 282; *Potter*

*v. McDowell,* 43 Mo. 93; *Reed v. Ownby,* 44 Mo. 204; *Black v. Long,* 60 Mo. 181.

These cases all proceed upon the theory that unless the conveyance of the judgment debtor be recorded before the sale under execution, the purchaser at such sale, if he have no actual notice of such conveyance, will acquire the title. We are of opinion that the principle established by the cases cited is applicable to the case at bar, and that a grantee for value in a quit-claim deed, with the exception above noted, acquires the same rights against an unrecorded deed, of which he has no actual notice, as a purchaser at execution sale. In the case of *Chapman v. Sims,* 53 Miss. 154, this question is ably and learnedly discussed, and the same conclusion reached which is announced in this opinion. Similar rulings have been made in the states of Illinois and Iowa. 4 Scammon 117; 35 Iowa 353.

In the present case, however, it does not appear that the plaintiff, who claims under the quit-claim deed from Hopkins, the common source of title, ever paid or became absolutely bound to pay anything for said deed. Hopkins was indebted to him, and he agreed as a consideration for the deed, to credit Hopkins on his indebtedness with the stipulated value of the land, when he got possession of the land. The plaintiff himself testified that he paid nothing when he took the deed, had paid nothing since, that he had never had possession of the land, and had never given Hopkins any credit on his indebtedness on account of the land. Now the plaintiff is not entitled to the protection of the recording act unless he has parted with something of value. This protection is only afforded to an innocent purchaser for value. *Davis v. Ownsby,* 14 Mo. 170, 176; *McCamant v. Patterson,* 39 Mo. 110; *Aubuchon v. Bender,* 44 Mo. 564. The judgment of the circuit court, which was for the defendant, must, therefore, be affirmed. The other judges concur.