HORD *et al.*, *Plaintiffs in Error*, v. HARLAN *et al.*

Division Two, March 29, 1898.

1.  **Equity:** WITHHOLDING MORTGAGE FROM RECORD.  The title of a *bona fide* purchaser or mortgagee under a deed or mortgage not recorded, is good against creditors at large, and is also good against sales under judgments and executions, if the deed or mortgage is duly recorded before such sales.

2.  ——: ——: KNOWLEDGE.  Where there is no agreement between the mortgagor and mortgagee to withhold a mortgage from record, and the mortgagee has no knowledge of the fact that the mortgagor is obtaining credit and indorsement on his notes on the false representation that no mortgage exists against the land, the mortgage will not be postponed to the claims of such sureties or indorsers simply because the mortgage has not been previously put of record. The mortgagee must either agree to keep the mortgage off the record, or have knowledge of the mortgagor's false representations, before he can be charged with fraud or his mortgage be postponed.

*Error to Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Silver & Brown* and *T. A. Boulware* for plaintiffs in error.

(1) The withholding of the deed of trust of March 24, 1879, from record until November 21, 1892, having the effect, as shown by the evidence, to mislead and deceive plaintiffs, rendered such instrument fraudulent as to them. *Bank v. Rohrer*, 138 Mo. 369; *Bank v. Buck*, 123 Mo. 141; *Bank v. Frame*, 112 Mo. 502; *Bank v. Doran*, 109 Mo. 40; *Walsh v. Chambers*, 13 Mo. App. 301; *Hilliard v Cagle*, 46 Miss. 309. (2) Defendant W. B. Tucker's excuse for so withholding the deed of trust from record is that it was "pure neglect." Where one of two innocent persons must suffer, the loss will be visited on him whose negligence occasioned it. *Cowgill v. Petefish*, 51 Mo. App. 264; *Rice v. Groffman*, 56 Mo. 434; *Newhoff v. O'Reilly*, 93 Mo. 164; *Greenlee v. Marquis*, 49 Mo. App. 294. (3) Sureties are creditors within the statutes of fraudulent conveyances. 8 Am. and Eng. Ency. of Law, pp. 750, 751; Waite on Fraud. Conv. [4 Ed.], p. 182. Parol evidence is competent to show who are sureties on a note. *Bank v. Wright*, 53 Mo. 153; *Coats v. Swindle*, 55 Mo. 31. (4) In equity cases the facts are reviewable in the Supreme Court. *Blount v. Spratt*, 113 Mo. 48; *Warren v. Ritchie*, 128 Mo. 311; *Roselle v. Beckemeir*, 134 Mo. 380.

*R. A. Crews* and *D. P. Bailey* for defendants in error.

(1) The object of plaintiffs in error seems to be to postpone the Tucker debt and deed of trust so as to enable them to recover what they have been called upon to pay for Harlan, and they seem to have predicated their case on *Bank v. Doran*, 109 Mo. 40, and on *Bank v. Buck*, 122 Mo. 141. The facts in this suit are not at

all similar to those in the above named cases. In *Bank v. Doran, supra,* there was an unquestioned agreement that the deed of trust should be kept from the records. Nothing of the sort appears from the record in this case. In *Bank v. Buck, supra,* it was held that the holder of the unrecorded incumbrance necessarily knew that the grantor was obtaining credit on the supposition that his real estate was unencumbered. There is nothing of the kind in this case. (2) In all the adjudications in this State the only instances in which the withholding of mortgages or deeds of trust from record have been held to be fraudulent is where there were agreements between the mortgagor and mortgagee that the instrument should not be recorded so as to not impair the credit of the mortgagor. In this case no such agreement is shown by the evidence. (3) If it is the ambition of appellants in this cause to establish the doctrine that the withholding of a mortgage from the public records is *per se* a fraud as against creditors what are we to do with the doctrine "*Lex vigilantibus favet?*" There is no evidence in this case to show that Tucker knew that Harlan was insolvent, nor that he kept his first deed of trust from record to uphold Harlan's credit, nor that he knew that Harlan was trading on credit. He simply loaned Harlan the money, took his note and the deed of trust to secure it and laid the same away. When he heard that Harlan was in trouble, as a prudent man he looked up his note and deed of trust and seeing that the deed of trust was not recorded he put it on record. These other parties who seem to have been more intimately acquainted with Harlan's matters than Tucker was, signing renewal notes and notes to stop lawsuits and hearing Harlan declare that his "home place" was clear and examining the records to see if it was clear certainly had a chance to get a deed of trust on that "home place" to secure them.

GANTT, P. J.—This is a bill in equity by plaintiffs to postpone the lien of a certain deed of trust executed by defendant Charles Harlan to Daniel M. Tucker, trustee for Wm. B. Tucker, January 26, 1893, to secure a note for $4,000.

The several plaintiffs, J. W. Hord, Joseph A. Dearing, H. T. Greenway, E. M. Bryan, A. M. Taylor, John W. Gordon and George C. Ramsey each obtained a several judgment in his own behalf against defendant Harlan in the circuit court of Callaway county during the summer and fall of 1894, the total amount of such judgment aggregating $2,461.35. The various debts upon which these judgments are based were incurred by the said plaintiffs becoming sureties for Harlan in bank at Jefferson City and Fulton. The farm known as the "home place" of defendant Harlan consisted of two hundred and forty-three and seventy-five hundredths acres of land, about twenty-five miles from Fulton, the county seat, in the south part of Callaway county on the Missouri river. It was estimated by the various witnesses to be worth between $7,000 and $8,000. It sold for $5,050 at the trustee's sale under the Tucker deed of trust to A. M. Taylor, one of the plaintiffs. On March 24, 1879, W. B. Tucker loaned C. H. Harlan $2,000 at eight per cent compound interest and took a deed of trust on the "home place." This deed of trust was not recorded until November 21, 1892. On the sixteenth of January, 1893, the note for $2,000 amounted to $5,800. Tucker on that day remitted $1,800 and took a new note from Harlan for $4,000 and a new deed of trust on the same land to secure the new note. The plaintiffs' judgments represent the balances due on the several notes of Harlan on which they were his sureties. He had owned an island and had given a deed of trust thereon to secure

several of these notes and had given personal security on other notes and after these mortgages were foreclosed these balances still existed and were paid by these sureties. These debts were contracted by C. H. Harlan prior to the filing of the Tucker deed of trust. All of these plaintiffs testified that they were ignorant of the existence of the Tucker deed of trust of 1879 until after it was recorded in 1892; that had they known the home place was thus encumbered they would not have gone security for C. H. Harlan. All or nearly all of them testified that he had assured them the home place was clear of incumbrances, but no knowledge of these representations by Harlan to these plaintiffs or either of them was brought home to Tucker who lived some twenty-five miles distant. There was no evidence that Tucker made any agreement or had any understanding with Harlan that he would not record his deed of trust. Tucker testified that the failure to record his deed was a piece of pure negligence on his part which he discovered when his friends began to predict that he would lose by having become surety for Harlan on a guardian's bond.

The circuit court after hearing all the evidence dismissed plaintiffs' bill and gave judgment for defendants. Plaintiffs appeal.

Plaintiffs predicate their claim to postpone defendant Tucker's deed of trust to their judgments upon the decisions of this court in *Bank v. Doran*, 109 Mo. 40, and *Bank v. Buck*, 123 Mo. 141. In those cases it was ruled that an agreement by a mortgagee to withhold his mortgage from record whereby others are induced to give credit to the mortgagor is a fraud upon subsequent creditors, and will postpone the mortgagee to such subsequent creditors, but it was expressly ruled in *Bank v. Buck*, 123 Mo. 141, that "a person incurs no penalty for a mere failure

to record his deeds, save such consequences as are provided for by the recording acts; and the mere failure to record a deed or mortgage is not even evidence of fraud.'' In *Buck's* case it was clear that there was an understanding between France, the mortgagee, and Buck & McCroskey that the mortgage should not be recorded; that the mortgage was in the form of an absolute deed and by the suppression of this deed Buck and McCroskey, who were bankers, were enabled to obtain credit with the plaintiff in that case to an amount three times the amount of their bank capital. In those circumstances we held the deed fraudulent but no such facts are to be found in this record.

In *Bank v. Doran,* 109 Mo. 47, the chancellor found ''that at the time said deeds of trust were executed it was expressly agreed by the said Bartle that the same should be withdrawn from the record and the existence thereof concealed.'' Upon that finding, to which this court deferred, the deed was held fraudulent. *Bank v. Frame*, 112 Mo. 502, follows *Bank v. Doran*. This question was again before us in *Bank v. Rohrer*, 138 Mo. 369, and the cases reviewed and it was again held that the mere withholding of a deed from record was not evidence of fraud. In that case it is said: ''It has always been held in this State 'that the title of a *bona fide* purchaser or mortgagee under a deed or mortgage not recorded, is good against creditors at large, and is also good against sales under judgments and executions, if the deed or mortgage is duly recorded before such sales.' '' *Sappington v. Oeschli*, 49 Mo. 244; *Davis v. Ownsby*, 14 Mo. 170; *Valentine v. Havener*, 20 Mo. 133; *Bank v. Buck*, 123 Mo. 141.

In this case there was no agreement to withhold the deed of trust from record. There is not a scintilla of evidence that impeaches the consideration of Har-

lan's note to Tucker. There are no circumstances which bring home knowledge to Tucker that Harlan was obtaining credit upon the faith of his mortgage not being recorded. On the contrary Tucker testified that it was a pure oversight and neglect on his part. The circuit court believed his evidence and we adopt that finding. It results that the facts of this case clearly distinguish it from *Bank v. Doran* and *Bank v. Buck* and demonstrate that there was no fraudulent intention to mislead plaintiffs and no acts from which fraud can be inferred. The decree of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.