Chetham-Strode v. Blake, 19 N. M. 335

[No. 1682, August 22, 1914.]

KATHERINE CHETHAM-STRODE, Appellee, vs. J. J. BLAKE, and MRS. LIZZIE BLAKE, Appellants.

## SYLLABUS BY THE COURT.

Sections 3953, 3954, 3955 and 3960, C. L. 1897, construed. Held that Section 3960, which was enacted as Section 16, of the Act of January 12, 1852, "Regulating Conveyances" should be construed in connection with Sections 14 and 15 of said Act, and when so construed, following the rule announced by the Supreme Court of Missouri, from which said Act was borrowed, such section renders an unrecorded conveyance invalid only as to subsequent purchasers and mortgages, in good faith, and without notice of such unrecorded conveyance. Held, further that such section was repealed by Sections 1, 2 and 3 of Chapter X, S. L. 1887, (Sections 3953, 3954 and 3955, C. L. 1897) and that the latter sections render such unrecorded conveyance invalid only as to subsequent purchasers and mortgagees, in good faith, and without notice of such unrecorded conveyance. Hence, where F. conveys real estate to S. who fails. to record such deed until after suit, in attachment is filed against F. but who records the same prior to sale, under execution issued upon a judgment rendered in such attachment suit, a purchaser at such sale is charged with notice of such conveyance, at the time he becomes such, and a sheriff's deed issued to him, for the land so purchased, is invalid, as against the holder of such prior deed, and constitutes a cloud upon his title.

P. 343

Appeal from the District Court, Dona Ana County; Edward L. Medler, Presiding Judge; affirmed.

J. H. PAXTON, Las Cruces, N. M., for appellants.

Lien of attachment. C. L. 1865, Chap. 4, Sec. 14; C. L. 1884, Sec. 2761; Act Jan. 12, 1852; Sec. 3960, C. L. 1897; Secs. 1, 2, 3, Chap. 10, L. N. M. 1887; 10 N. M. 408; 1 N. M. 306; 183 Mass. 382; R. S. Chap. 127, Sec. 4; 90 Mass. 584; 129 Mass. 210; 43 Pac. 216; 4 L. R. A.

223; 6 Ill. 187; 218 Ill. 182; 75 Fed. 929; 17 Fed. 789; 20 Tex. Civ. App. 168; 72 S. W. 613; 48 S. W. 35; 9 Ohio 108; 22 Vt. 137; 29 So. 379; 7 Me. 464; 5 Me. 369; 7 Mc. 195; 23 Me. 170; 39 Am. Dec. 614; 121 Ind. 147; 2 Minn. 264; 121 Pac. 204; 6 Minn. 220; 13 N. M. 38; 16 N. M. 510; 2 Pom. Eq. Jur. 3rd. Ed., Sec. 620; 90 N. Y. 298; 38 Kan. 319; 31 Mont. 249; 20 Mass. 149; 15 Minn. 89; 43 Pac. 217; 4 Wigmore on Ev. Sec. 2515; 5 Me. 369; Sec. 2696, C. L. 1897.

Title to land. C. L. 1897, Sec. 3021; Chap. 62, Sec. 6, L. 1901; 26 Wash. 48; 2 Ballinger's Ann. Codes & Stats. Sec. 4991; 36 S. W. 320; 105 S. W. 324; 26 S. W. 227; 51 Ill. App. 387; 153 Ill. 625; 119 Ill. 548; 126 Ill. 132; 246 Ill. 398; 99 Ind. 369; 48 Vt. 502; 48 N. H. 304; 128 Pac. 567; 40 Cyc. 2282.

J. F. BONHAM, W. R. REBER, of counsel, attorneys for Appellees.

Unrecorded deed. Sec. 2871, C. L. 1897; 14 N. M. 345; 12 N. M. 460; 3 N. M. 659; 12 Peters 178; 102 Fed. 17, 540; 1 Oreg. 202; 13 N. M. 32; 14 Mo. 170; 39 Mo. 100; 43 Mo. 93; 62 Mo. 497; 9 S. Dak. 36; 34 N. W. 66; 46 Cal. 161; 24 Ind. 165; 86 N. Y. 221; 89 N. W. Rep. 270.

Judgment lien holders. 12 Cal. 363; 15 Cal. 128; 51 Cal. 545; 17 Cal. 304; 18 Cal. 367; 19 Cal. 686; 8th Wall 292; 48 Mo. 335; 1 Bin. 493; 2 Bin. 40; 52 N. Jfl Eq. 697; 21 Wash. 314; 51 N. J. Eq. 452; 97 Cal. 575; 32 Pac. 599; 21 L. R. A. 33; 3 N. J. Eq. 474; 29 Am. Dec. 523.

### APPELLEE'S SUPPLEMENTAL BRIEF.

Recording of written instruments affecting title to real estate. Chap. 10, p. 26, L. 1887; Sutherland's Stat. Const. 465; Idem 463, 491, 492; 39 J. J. Eq. 169; 16 N. M. 497; 14 N. M. 176; Secs. 3953, 3955, 2361, L. 1897; Sec. 10, Webb on Record of Title; 27 Tex. 494; 1 Gilm. 177; 40 Ill. 160; 86 Am. Dec. 657; 35 Alt. 349; 10 Vt. 555; 28 Vt. 288; 32 Vt. 109; 33 Vt. 252; 43 Vt. 402; 53 Vt. 74; 130 Mich. 127; 9 N. J. L. 193; 7 N. J. Eq. 186;

14 N. J. Eq. 233; 12 N. J. Eq. 233; 12 N. J. L. 29, 30 Atl. 866; 35 Pac. 170; 93 Va. 364; 28 Grat. 433, 407; 3 Kan. App. 556; 141 Ia. 255; 83 Neb. 488; 89 N. W. 720; 176 U. S. 484; 202 U. S. 311.

REPLY BRIEF OF APPELLANTS.

Interest in land in question. I Cranch 103; 166 U. S. 557; 2 Pet. 417; Act Jan. 12, 1852; C. L. N. M. 1884, Secs. 2761, 2763; Sec. 3944, C. L. 1897; 1 N. M. 306; 4 Hun. 321; 13 N. M. 565; 68 N. H. 71; 75 U. S. 292.

## OPINION.

ROBERTS, C. J.—On August 6th, 1903, John Francis Findlay was the actual and record owner of the real estate involved in this litigation. On that date he conveyed the same, by warranty deed to the appellee herein, who, however, did not lodge said deed for record until December 7th, 1903. On November 25th, 1903, Martin Lohman sued Findlay in the District Court of Dona Ana County, on an open account then due, and on the same day a writ of attachment was issued in the said suit against Findlay. On November 27th, 1903, this writ was levied on the land in question. On April 7th, 1904, final judgment was rendered, in said suit against Findlay, foreclosing the attachment lien, and, under a writ of venditioni exponas issued at the foot of this judgment, the land was sold by the sheriff to Martin Lohman, and thereafter, on June 11th, 1904, the sheriff executed to Lohman, a sheriff's deed for the same. On July 2nd, 1908, Martin Lohman and wife conveyed the land, by their warranty deed to J. J. Blake and J. A. Blake. J. A. Blake died, leaving as his only heir, Lizzie Blake.

Appellee herein has been in possession of the land, since she received the deed from Findlay, and she instituted the present suit to quiet her title to the same, against the adverse claim of J. J. and Lizzie Blake, which claim, as indicated, grew out of the attachment proceedings.

The trial court, upon issue joined, heard the evidence and rendered judgment for appellee, from which judgment this appeal is prosecuted.

Section 3960, C. L. 1897, reads as follows:

"None of said writings shall be valid except to the parties interested and those who have actual notice of the same, until it shall be deposited in the office of the clerk to be registered."

It is appellant's contention, that under this section, the lien of attachment, levied without notice of a prior unrecorded deed, takes precedence over the deed, and, therefore, the lien of Lohman's attachment, ripened by foreclosure, sale and conveyance into appellant's title, takes precedence over the appellee's prior unrecorded deed.

To this contention appellee replies: First, that the statute in question was repealed by Chapter 10, S. L. 1887, and, Second,. that an unrecorded deed or mortgage will have priority over the lien of an attachment, although the attaching creditor did not, at the time of the attachment or levy have any notice of the unrecorded deed or mortgage.

Section 3960, C. L. 1897, was enacted originally as Section 16 of the Act of January 12, 1852, which was an Act "Regulating Conveyances." This act was copied or borrowed from the State of Missouri, (Douglass vs. Lewis, 3 N. M. 596; Armijo vs. Armijo, 4. N. M. 57) and was evidently translated into Spanish, enacted as a law in that language, and retranslated into English. By reason of these translations, which apparently were very inaccurate, some changes in the phraseology have been made, but a comparison of the Missouri statutes of that date and this Act will clearly demonstrate that it was the intention of the legislature to copy the statues of that state, on the subject of conveyances of real estate. As an example of the inaccurate translation attention is directed to Section 14, of the New Mexico Act. The Spanish section requires all writings conveying real estate, to be recorded in the county where the land is situate. The English translation provides that such writings shall be "registered in the office of the archives of the county wherein said conveyance is made." The Territorial Supreme Court, in the case of Moore vs. Davey, 1 N. M. 303, held that this section required the recordation of such instruments in the county

wherein the conveyance was drafted and executed, without regard to the location of the land, which decision was clearly erroneous, as the Spanish section controlled, the law having been enacted in that language.

Section 15 of said Act, correctly translated, reads as follows:

"Each of said instruments of writing when signed, sealed and recorded (or registered) in the manner above prescrib- ed shall be notice, from the time it is placed of record in the archives kept for that purpose, to all persons of its con- tents, and all purchasers and mortgagees shall be consid- ered in law and in equity as having received due notice thereof."

In 1887, the territorial legislature enacted Chapter X, which was an "Act in relation to the recording of written instruments affecting real estate." The first three sections of this Act, which appear as Sections 3953, 3954, 3955, C. L. 1897, read as follows:

"Sec. 3953. All deeds, mortgages, United States pat- ents and other writings affecting the title to real estate, shall be recorded in the office of the probate clerk of the county or counties in which the real estate affected thereby is situated.

Sec. 3954. Such records shall be notice to all the world of the existence and contents of the instruments so record- ed from the time of recording.

Sec. 3955. From and after the 1st day of January, 1888, no deed, mortgage or other instrument in writing, not recorded in accordance with section three thousand nine hundred and fifty-three, shall affect the title or rights to, in any real estate, of any purchase or mortgage in good faith, without knowledge of the existence of such unrecord- ed instruments."

Appellee contends that this latter act repealed, by neces- sary implication Section 16, of the original act, (Sec. 3960, C. L. 1897) as well as Sections 14 and 15 of the former act, which latter sections, we understand appellants con- cede, were repealed by the Act of 1887.

In order to arrive at a solution of this question, it is necessary to ascertain the legislative intent in the enact-

ment of the sections quoted from the Act of 1852, and the effect of those sections, and likewise the sections quoted from the Act of 1887, and when this is done the question will be easy of solution.

While section 16, (3960, C. L. 1897) provides that "none of said writings shall be valid, except to the parties interested, and those having actual notice of the same, until it shall be deposited in the office of the clerk to be registered," we must necessarily resort to Section 15, of said Act to ascertain who may take advantage of the failure to register, for it will not be contended that a stranger to the title could question the validity of the conveyance, because of the failure to so record. When the conveyance, or writing, is recorded, in the proper county, after having been duly executed as required by such Act, Section 15 provides that "all purchasers and mortgagees shall be considered, in law and in equity as having received due notice thereof." It is evident that the legislature intended that a failure to register such conveyance should render the same invalid only as to purchasers and mortgagees, and no others of course would be in a position to question the validity of the conveyance. This was the construction placed upon the same sections of the Missouri statute, by the supreme court of that state, prior to the enactment of the New Mexico statute, and "It is a familiar rule of law, that where one state or territory adopts a statute in force at that time in such state or territory, it also adopts the construction by the courts of such state or territory, unless for some good reason the courts of the state or territory adopting the statute should see proper to refuse to follow such decisions as sound interpretations of the statute." Armijo vs. Armijo, supra.

In the case of Davis vs. Owenby, 14 Mo. 170, the question arose as to whether a judgment lien took precedence over a prior unrecorded deed, and the court held that a bona fide purchaser of property, who has failed to record his deed until after a judgment has been recovered against his vendor, but who records it prior to any sale under the judgment, can hold it against the person purchasing under the judgment. The court said:

"The 42nd section, in declaring that no such instrument in writing shall be valid except between the parties thereto and such as shall have actual notice thereof, until deposited for record, is not designed to allow any person to dispute the validity of an unrecorded deed, unless he is interested in the title under the same grantor,—a mere trespasser cannot dispute it—there must be a title for value under the grantor, to admit of the question being raised.

Now it will be seen that a creditor, as such, is nowhere alluded to in the statute as a person who is affected by notice, or to whom notice is to be given, and it would plainly be useless to give actual notice of an unrecorded deed to a creditor with a view to affect the person who might afterwards become a purchaser under the judgment of the creditors.

A creditor by obtaining a judgment acquires a lien that binds the estate of the defendant against any subsequent act of his, but he acquires no interest or estate in the property. A purchaser of the property under the judgment of the creditor is the first person who acquires an interest in the property, and is the person who is to be affected by notice either actual or constructive. If he has notice before he assumes the character of a purchaser, he vests his money in a speculation against the deed, and the judgment creditor takes the money upon his judgment. The recording of the deed before the purchase is notice to him. I exclude creditors altogether from the above statutes, believing that they were never intended to be embraced within their provisions. Actual notice is a fact, which may be proved like any other fact, either by positive and direct evidence, or by circumstantial and presumptive. Applying therefore the principles here marked down, to the facts as they appear from the record in this case, I come to the conclusion that the court below committed no error. Its judgment is accordingly affirmed."

The case just cited has been uniformly followed by the Missouri court, as the following cases will evidence. Valentine vs. Havener, 20 Mo. 133; Hope vs. Blair, 105 Mo. 85; Hanna vs. Davis, 112 Mo. 599; Hord vs. Harlan, 143

Mo. 469; Harrison Machine Works vs. Bowers, 200 Mo. 219.

In the case of Stilwell vs. McDonald, et al., 39 Mo. 282, the same identical question arose, as that presented in this case. McDonald conveyed to his brother an undivided one-half interest in certain lots. The deed was recorded December 7th, 1860. Before the said deed was filed for record, one Samuel Watson, without notice of the unrecorded deed, sued out a writ of attachment against the grantor, and a levy was made on the land in question. The suit was prosecuted to judgment, upon which execution issued, and the land was sold thereunder. Prior to the sale, however, the grantee had recorded his deed. The purchaser at such execution sale claimed title to the land, as against the grantee named in the unrecorded conveyance. The court said:

"But a single question is presented by the record in this case, and that is whether the purchaser at a sheriff's sale under a judgment and execution in an attachment suit levied on real estate, will take the title against a prior deed executed and delivered before the date of the levy of the attachment, though not recorded until after such levy, but duly acknowledged and recorded before the judgment sale and sheriff's deed to the purchaser. This question must be considered as already decided and put at rest by the former decisions of this court in Davis vs. Owensby, 14 Mo. 170, and in Valentine vs. Havener, 20 Mo. 133. It was held that the object of recording was to impart notice to subsequent purchasers and mortgagees, and not to creditors merely as such; that a creditor acquired a lien by his judgment which would bind the estate against any subsequent act of the defendant, but that the purchaser at the sale under the judgment was the first person to be affected by the notice as a purchaser. The lien of an attachment can certainly give no greater interest, or be more effectual, than the lien of a judgment. A deed unrecorded is not to be valid except between the parties, but between the parties it is valid and conveys the title. At the date of this levy, then, the defendant in the attachment suit had no interest or property in the estate conveyed which could be

subject to attachment as his property, and the plaintiff acquired no interest in it by virtue of his levy. He did not thereby become a purchaser in the sense of the statute; but before the sheriff's sale and deed the prior conveyance had been duly acknowledged and recorded, and the purchaser at the sale was affected with notice. We think the deed was rightly admitted, and that there was no error in the ruling of the court below."

The same rule was announced by the Missouri court in the cases of Hope vs. Blair and Hanna vs. Davis, cited supra.

The lien of a judgment or attachment does not exceed the actual interest the debtor had in the land at the time of the rendition of the judgment or levy of the attachment, and as the protection of the statute is extended only to purchasers and mortgagees, the position of the creditor is not improved by reason of his attachment lien, where the conveyance is recorded before execution sale, as it is not until such sale that a "purchaser" exists who can question the validity of the unrecorded conveyance. And where the deed is recorded, prior to such sale, the purchaser becomes such with notice.

This being the proper construction of the Act of 1852, in this regard, it remains to consider the sections of the Act of 1887 above quoted.

The first section of that Act (3953, C. L. 1897) requires all writings affecting the title to real estate, to be recorded in the county or counties "in which the real estate affected thereby is situated," thus correcting the error committed by the court in the case of Moore vs. Davey, supra, heretofore pointed out. The second section makes the record notice to all the world of the existence and contents of the instrument so recorded from the time of recording. The third section (3955, C. L. 1897) renders the unrecorded deed or mortgage invalid, as to subsequent purchasers and mortgagees in good faith, who become such without knowledge of the existence of such unrecorded instrument. These three sections, it will be observed, clearly cover the whole subject matter of the antecedent sections of the Act of 1852, and express the whole law on the

subject. The rule, as announced by the Supreme Court of North Carolina, in the case of Winslow vs. Morton, 118 N. C. 486, 24 S. E. 417, is:

"Where the later or revising statute clearly covers the whole subject matter of antecedent acts, and it plainly appears to have been the purpose of the legislature to give expression in it to the whole law on the subject, the latter is held to be repealed by necessary implication." Lewis' Sutherland Statutory Construction, (2nd Ed.) Section 247.

Section 3960, C. L. 1897, was therefore repealed, or superseded by Section 3955. But if this section could be held to be in force, necessarily we would be compelled to resort to the original act of which it formed a part, in order to ascertain its meaning: It is a familiar and well established rule of construction, that each part or section of an act, is to be construed in connection with every other part or section of the same act, and the whole statute must receive such reasonable construction as will, if possible, make all its parts harmonize with each other, and render them consistent with its scope and object. Lewis' Sutherland Stat. Cons. (2nd Ed.) Section 368. And, this being true, the Statute in question would necessarily be held to render such unrecorded conveyance void only as to subsequent purchasers or mortgagees, in good faith, and without notice of such unrecorded conveyance.

Under Section 3955, C. L. 1987, as under the Act of 1852, the protection of the statute extends only to purchasers and mortgagees, in good faith, without knowledge of the existence of such unrecorded instrument. The appellants grantor, Lohman, therefore, did not become a purchaser of the property until after appellee's deed had been placed of record, consequently appellants cannot claim the protection of the statute, in support of their title. In the case of Ilfeld vs. Baca, 13 N. M. 32, the Territorial Supreme Court held that Section 3955 was not enacted to protect creditors, and that an unrecorded conveyance was valid, as at common law against even judgment and attaching creditors. See also Bank vs. Haverkampf, 16 N. M. 497. These decisions of the Territorial Supreme Court

are in harmony with the Missouri cases, construing the statutes of that state, from which our original act was copied and we adhere to the rule therein announced.

For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

## SYLLABUS BY THE COURT.