DONK BROS. COAL AND COKE COMPANY, Appellant, v. FRANK E. STEVENS *et al.*, Defendants; J. J. STEVENS, Interpleader, Respondent.

| 74 | 39 |
| 87 | 150 |

### St. Louis Court of Appeals, March 1, 1898.

1. **Attachment:** MORTGAGE NOT RECORDED: EFFECT. An arrangement of this kind between the mortgagor and mortgagee, the mortgagor retaining possession of the property, would give the mortgagor the indicia of ownership of the property and suppositious credit, and would be fraudulent as to future creditors, and as to those who might give credit upon faith that the mortgagor was the owner of the mortgaged property.

2. **Debt:** PREFERENCE. The defendants had the lawful right to prefer the debt to their father and to secure it by the mortgage.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

FISSE & KORTJOHN for appellant.

Under the undisputed evidence in the case, the judgment of the court should have been for plaintiff. The judgment of the court is against the law as laid down by the court. John J. Stevens, the interpleader, did use his pretended claim for the purpose of hindering and delaying plaintiff in the collection of its debt. He participated in the wrongful acts of his sons. Shelley, v. Boothe, 73 Mo. 74; State to use Solomon v.

Mason, 112 Mo. 374; Nat'l Tube Works Co. v. Machine Co., 118 Mo. 365; Alberger v. White, 117 Mo. 347; Frank v. Curtis & Son, 58 Mo. App. 349; Marion Distilling Co. v. Ellis, 63 Mo. App. 17; Sammons v. O'Neill, 60 Mo. App. 530. Having subscribed for twelve shares of the corporation, and agreed that his subscription should be paid by his claim, his debt was paid as soon as his subscription was made. Hence he had no claim against his sons on May 8, 189%. R. S. 1889, sec. 2768.

THOMAS B. HARLAN for respondent.

Appellant makes no exception to any ruling of the trial court on the admission or exclusion of testimony, nor to the instructions given at the trial, but submits the case entirely on the evidence, claiming, *first*, that respondent used his claim for the purpose of hindering or delaying appellant in the collection of its debt; and, *second*, that having subscribed to twelve shares of the capital stock of the corporation, respondent's debt was thereby paid. We will consider these propositions in their order. Starting with the well known rule that when no question of law is presented on an appeal, the appellate court will not disturb a judgment at law, if there is substantial evidence to support it. Paddock-Hawley Iron Co. v. Pullis, 42 Mo. App. 206; Hinchey v. Koch, 42 Mo. App. 230. And also the rule that in actions at law the appellate court will not reverse on the weight of evidence. State ex rel. v. Hart, 89 Mo. 590; Newland College v. Borck, 44 Mo. App. 19; Dean v. Chandler, 44 Mo. App. 338; Watson v. Stormberg, 46 Mo. App. 630; Lange v. Uhlman, 47 Mo. App. 277; Burke v. R'y, 51 Mo. App. 491. The agreement to cancel the indebtedness in payment of the stock subscription is void. R. S. 1889, secs. 2768 and 2775.

BLAND, P. J.—Plaintiffs sued defendants by attachment before a justice of the peace in the city of St. Louis. An attachment writ was issued and several horses, wagons and other personal property was seized as the property of Frank E. and Charles A. Stevens. For this property John J. Stevens interpleaded. From a judgment of the justice an appeal was taken to the circuit court, where on a trial *de novo* interpleader recovered a judgment, from which plaintiffs duly appealed.

Frank and Charles Stevens were coal dealers, became indebted to the plaintiffs and to others, and were being pressed for money; they also owed the interpleader, who was their father, $700 for borrowed money. On May 8, 1896, they executed to the interpleader their note for $700 and to secure the note gave him a chattel mortgage on all the property attached. This mortgage was recorded on May 11, the day the attachment suit was begun.

It seems that at the time the mortgage was given, that it was agreed between the parties that the mortgage should be withheld from record, unless, to use the language of one of the witnesses, the plaintiffs in this case should undertake to "squeeze" Frank and Charles Stevens. An arrangement of this kind between the mortgagor and mortgagee, the mortgagor retaining possession of the property, would give the mortgagor the indicia of ownership of the property and suppositious credit, and would be fraudulent as to future creditors and as to those who might give credit upon faith that the mortgagor was the owner of mortgaged property. Bump on Fraudulent Conveyances [4 Ed.], sec. 52; Bank v. Doran, 109 Mo. 40. The plaintiffs are not creditors of Frank and Charles Stevens under such circumstances; their account accrued prior

to the execution of the mortgage, and the mortgage was recorded on the very day the attachment writ was sued out, May 11, only three days after its execution. The interpleader was not bound to have his mortgage recorded; the risk he took by agreeing to withhold it from record, and by so withholding it, was not that existing creditors might be defrauded thereby, but that future credit might be given on the supposition that defendants were the owners of the property and that it was unencumbered. The defendants had a lawful right to prefer the debt due their father and to secure it by the mortgage. Shelly v. Boothe, 73 Mo. 77; Alberger v. White, 117 Mo. 347. So far as the evidence discloses this was done in good faith and to secure a *bona fide* debt. The effort to organize the business of Frank and Charles Stevens into a business corporation was not consummated, nor was the agreement of interpleader to accept shares in the corporation, when organized, in payment of his debt of $700 ever effectuated.

PREFERRED debt.

The corporation scheme was probably blocked by the attachment. At any rate it proved abortive and cuts no figure in this case. Discovering no reversible error in the trial, we affirm the judgment. All concur.