Harrison & Calhoun v. South Carthage Min. Co.

HARRISON & CALHOUN, Appellants, v. SOUTH
CARTHAGE MINING COMPANY, Defendant;
ISAAC PERKINS, Garnishee, Respondent.

### Kansas City Court of Appeals, June 2, 1902.

1. **Fraudulent Conveyances:** UNRECORDED CHATTEL MORT-
GAGE: SUBSEQUENT CREDITOR. A chattel mortgage, withheld
from record until a subsequent creditor extended credit to the mort-
gagor, is void as to such creditor.

2. ———: ———: ———: DECEPTION. A subsequent creditor need
not affirmatively show that he was deceived by the withholding of
the mortgage from the record.

3. ———: ———: ———: INTENT: AGREEMENT. Such creditor
need not show that the mortgage was so withheld by fraudulent
intent or by agreement; the non-recording is sufficient. (Cases con-
sidered.)

4. ———: ———: ———: NOTICE. Whether the validity of such
mortgage would be affected by notice to the subsequent creditor,
quaere.

5. ———: ———: REAL ESTATE DEED: STATUTES. The mere
withholding of a deed of real estate from the record does not invalidate
it as to creditors, and there is no analogy between such deeds and
chattel mortgages, since they rest on different statutes; and the
filing is essential to the validity of the latter, while the registry
statute relating to deeds of real estate is not designed to protect
creditors.

6. ———: ———: CREDITORS: LIEN. The statute relating to the
registry of chattel mortgages includes a creditor at large though he
may not be able to enforce his right until he has secured an attach-
ment, execution, or other lien, when he is in position to enforce his
right as of the day it accrued.

Appeal from Jasper Circuit Court.—*Hon. J. D. Per-
kins,* Judge.

REVERSED AND REMANDED.

*H. T. Harrison* and *Green & Calkins* for appellants.

(1) The court should have given instruction No. 1, asked by the plaintiffs, as under the undisputed evidence in the case, plaintiffs had sold the defendant goods between the date of the chattel mortgage (February 27) and May 9, 1899, the sum of $134.40. That during all that time said chattel mortgage was kept secret and off of the record, and defendant remained in possession of the property and used the same until the last-mentioned date. R. S. 1899, sec. 3404; Landis v. McDonald, 88 Mo. App. 335, and authorities cited; Williams v. Kirk, 68 Mo. App. 457; Sauer v. Behr, 49 Mo. App. 86; Dry Goods Co. v. Brown, 73 Mo. App. 245; Bank v. Powers, 134 Mo. 432; Lawrence v. Barker, 82 Mo. App. 125. (2) Instructions five and six, asked by the garnishee and given by the court, placed the burden of proof on the creditor, which was error. The burden of proof was on the mortgagee and not on the creditor, when mortgage had been withheld from the record and not recorded. Jones on Chattel Mortgages, secs. 325, 326; Sauerwein v. Champagne Co., 68 Mo. App. 29.

*E. O. Brown* and *McReynolds & Halliburton* for respondent.

(1) A party accepting a mortgage, subject to two prior mortgages, is bound by such prior mortgages regardless of the time said prior mortgages, or either of them, were filed in the recorder's office, unless such party was by fraud or misrepresentation induced to accept such third mortgage. Young v. Evans-Snyder-Buel Com. Co., 158 Mo. 395; Jones on Chattel Mortgages, sec. 494; 5 Am. and Eng. Ency. of Law (2 Ed.), 1015; 2 Colby on Chattel Mortgage, sec. 1039; Clapp v.

Holliday, 48 Ark. 258. (2) Where there is no agreement between the mortgagor 'and mortgagee to withhold a mortgage from record, and the mortgagee has no knowledge of the mortgagor obtaining credit on the strength of there being no mortgage in existence, and the mortgagee does not keep his mortgage off the record for the purpose of giving the mortgagor a false credit, or to favor the mortgagor in any way, then the mortgagee can not be charged with fraud or his mortgage be postponed to the claim of others. Hord v. Harlan, 143 Mo. 469; Bank v. Buck, 123 Mo. 141. (3) If a mortgagee takes possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgagee is good against everybody, if it was previously valid between the parties. Barton v. Sitlington, 128 Mo. 164; Jones on Chattel Mortgages (3 Ed.), sec. 178; Dobyns v. Meyer, 95 Mo. 132; Hewson v. Tootle, 72 Mo. 632; Petring v. Chrisler, 90 Mo. 650; McIntosh v. Smiley, 107 Mo. 377, originally decided by Kansas City Court of Appeals, 32 Mo. App. 125; Hord v. Harlan, 143 Mo. 469. (4) The appellate courts of this State have uniformly held that the burden of proof on the question of fraud, is always on the party alleging it. Bank v. Worthington, 145 Mo. 100; Gutzweiler's Admr. v. Lackmann, 39 Mo. 99; Hombs v. Corbin, 34 Mo. App. 393; Pettingill v. Jones, 30 Mo. App. 283; Deering & Co. v. Collins & Son, 38 Mo. App. 18; State ex rel. v. Hope, 102 Mo. 428, and other cases too numerous to mention.

ELLISON, J.—Plaintiffs obtained judgment against defendant on an account for coal sold to it. They had execution issued and the garnishee herein garnisheed. On trial of the garnishment, the judgment was for the garnishee.

The facts necessary to state are these: The garnishee, as agent for his daughter, on February 27, 1900, loaned $1,000 to the defendant, and on that day took a

chattel mortgage of defendant to secure its payment. By neglect the mortgage was not filed for record until May 15 thereafter. In the interim between the time of giving the mortgage and filing it for record, the plaintiffs sold the goods to defendant without knowledge of the unrecorded mortgage, supposing defendant's property to be free of incumbrance.

The question presented is, whether, in such circumstances, the mortgage is valid as to plaintiffs? We are of the opinion that it is not. The question was considered by us in the recent case of Landis v. McDonald, 88 Mo. App. 335, and we there held that under our statute (sec. 3404, R. S. 1899), declaring that no chattel mortgage should be "valid against any other person than the parties thereto unless possession of the mortgaged property be delivered to the mortgagee . . . or unless the mortgage be acknowledged and recorded," a mortgage withheld from record until after a subsequent creditor extended credit to the mortgagor, was void as to such creditor. The same construction is given to a like statute in the States of New York, New Jersey, Michigan, Mississippi and North Dakota (Karst v. Gane, 136 N. Y. 316; Thompson v. Van Vechten, 27 N. Y. 538; Parshall v. Eggart, 54 N. Y. 22; Stewart v. Beale, 7 Hun. 416; Graham Britton Co. v. Speilman, 50 N. J. Eq. 120; Roe v. Meding, 53 N. J. Eq. 350; Cutler v. Steele, 85 Mich. 627, 630, 631; Root v. Harl, 62 Mich. 420; Crippen v. Fletcher, 56 Mich. 386; Hilliard v. Cagle, 46 Miss. 336; Bank v. Oium, 3 North Dak. 200), and we think has met the approval of the Supreme Court of this State, as shown by the following quotation from Root v. Harl, just cited: "We have no doubt that under our statute (similar to that of Missouri) any creditors have a right to avoid an unrecorded mortgage, who have, during its absence from record, done anything material, which they may be fairly considered to have done on the basis of its non-existence." State to use v. O'Neill, 151 Mo. 67,

86. See also Barton v. Sitlington, 128.Mo. loc. cit. 175.

We further held that it was not necessary for such subsequent creditor to show affirmatively that he was deceived or misled, for the reason that the statute makes no such condition, and that it will be so assumed. Cutler v. Steele, 85 Mich. 627, 630, 631; Root v. Harl, 62 Mich. 420; Crippen v. Fletcher, 56 Mich. 386; Hilliard v. Cagle, 46 Miss. 336; Williams v. Kirk, 68 Mo. App. 462, and authorities, supra.

We further held that it was not necessary for the creditor to show that the mortgage was withheld by fraudulent intent; or that it was withheld by agreement. This upon the ground that the statute does not make such matters conditions of avoidance. The statute does not say that the mortgage shall be invalid if by agreement it is not recorded; nor does the statute say that it is invalid if it was withheld from record with intention to defraud. The statute has been enacted in its present form to avoid all such questions. It is the *fact* of not recording which avoids the deed. A creditor extending credit during the period the mortgage is withheld is as much harmed by the good-natured, well-intended indolence and carelessness of the mortgagee as he would be by a fraudulent agreement not to record it. A person is presumed to intend the natural consequence of his act. State to use v. O'Neill, 151 Mo. 67, 85, 87; Bank v. Buck, 123 Mo. 141; Reed v. Pelletier, 28 Mo. 177.

It will be noted that the cases cited above from the courts of New York and New Jersey go further than the rule recognized in this State will permit. Those cases hold that if the mortgage is not recorded immediately, i. e., in a reasonable time from its execution, it is void as to creditors, prior or subsequent, and that it is void even as to a *prior* creditor although recorded *before such creditor becomes entitled to lay hold of the property.* Such is not the case with us; for here, although the mortgage is not recorded when it should be

and therefore void as to prior creditors (Knoop v. Distilling Co., 102 Mo. 157; Collins v. Wilhoit, 35 Mo. App. 585, and 108 Mo. 457), yet if it is recorded before such prior creditor obtains some specific right therein by attachment, execution, or other lien, it becomes valid against such creditor. Greeley v. Reading, 74 Mo. 309; Meyer Drug Co. v. Self, 77 Mo. App. 284; Donk v. Stevens, 74 Mo. App. 39; see, also, Dobyns v. Meyer, 95 Mo. 132; and McIntosh v. Smiley, 32 Mo. App. 125; s. c., 107 Mo. 377. Our courts have proceeded on the theory that a subsequent mortgage could not possibly have caused the prior creditor to extend credit. We need not say what would be decided in case it were shown that, though a prior creditor, he extended the time of the credit or refrained from taking steps to secure himself; or was otherwise injuriously affected by the withholding of the mortgage from record.

The New York and New Jersey cases also refuse to allow the fact of the creditors' notice of the unrecorded mortgage to affect the question. We have stated, in the cases decided by us, that the subsequent creditor extended the credit without notice of the unrecorded mortgage. We so stated for the reason that such happened to be the fact in the cases where the statement was made. But we do not mean to be understood as affirming (since the question is not here involved) that notice should have any controlling effect in arriving at a conclusion. Collins v. Wilhoit, 108 Mo. 451; Bevans v. Bolton, 31 Mo. 437.

In Landis v. McDonald we cited some of the cases from our Supreme Court involving the question of what effect withholding deeds to real estate from record would have on creditors. It appears to be clear from reading those cases that, although no fraud was intended in withholding the deed, yet, if withholding it had the effect of perpetrating a fraud, the deed would be held invalid as to the party who would be defrauded if it were upheld (see Bank v. Buck, 123 Mo. 141). But

those cases do decide, in terms, that the mere withholding the deed from record does not invalidate it as to creditors, and they are relied upon by the garnishee herein. Bank v. Doran, 109 Mo. 40; Bank v. Frame, 112 Mo. 502; Bank v. Buck, 123 Mo. 141; Bank v. Rohrer, 138 Mo. 369; Hord v. Harlan, 143 Mo. 469; Bank v. Newkirk, 144 Mo. 472; Wall v. Beedy, 161 Mo. 625.

In that respect they bear no analogy to the question as applied to chattel mortgages. The reason is that the two classes of deeds are based on wholly different statutes. By the statute of conveyances (sections 923-925, Revised Statutes 1899) an unrecorded deed to real estate is not void as to every other person than the parties thereto. It is only void as to those who have no notice thereof; whereas, a chattel mortgage deed is void without regard to notice. Filing for record within a reasonable time is one of the *essentials to its validity.* If it is not so filed it is void though the person affected had notice thereof. Bryson v. Penix, 18 Mo. 13; Bevans v. Bolton, 31 Mo. 437. But more than that; the registry statute as to real estate deeds *was not designed to protect creditors and does not apply to them.* Davis v. Owenby, 14 Mo. 170. Judge RYLAND, in writing the opinion in that case, said: ''I exclude creditors altogether from the above statutes, believing that they were never intended to be embraced within their provisions.'' This was reiterated in Stillwell v. McDonald, 39 Mo. 282, and subsequent cases. And all the cases aforesaid, beginning with Bank v. Doran, and ending with Wall v. Beedy, are based on that construction of the statute first announced in Davis v. Owenby. They are all equity cases where creditors sought protection for the very reason that they were not included in provisions of registry of real estate deeds, and were thus forced to avail themselves of the general principles of equity, which forbids injury to

another by acts of commission or omission, whether innocent or fraudulent.

But surely no one will be found to say that the statute, providing for the registry of chattel mortgages, does not include creditors when it declares that such mortgage shall not be valid against "any other person than the parties thereto." It is, therefore, apparent that those cases, in the respect here considered, have no bearing whatever on chattel mortgages. And when we say that it protects a creditor, we mean to include a creditor at large, as stated in Landis v. McDonald. It is true that in order to *assert* his rights he must have an attachment or execution, or some lien thereon, but the right accrues to him when he becomes a creditor during the period the mortgage is withheld from the record. When he secures an attachment, execution, or other lien, he is in position to enforce his right as of the day it accrued. This has been directly decided in Karst v. Gane, 136 N. Y. 316; Thompson v. Van Vechten, 27 N. Y. 581-583; Bank v. Oium, 3 North Dak. 200; Flary v. Cummings, 41 Mich. 383; Roe v. Meding, 53 N. J. Eq. 350, 363.

It is manifest from the record that the case was not tried in accordance with the views herein expressed, and the judgment will be reversed and the cause remanded. All concur.