AMERICAN BOOK COMPANY, Respondent, v. CHAPMAN & BUTCHERS, Defendants; H. M. BAKER, GARNISHEE, Appellant.

Kansas City Court of Appeals, July 2, 1906.

1. CHATTEL MORTGAGES: Failure to Record: Subsequent Creditor. One who extends credit to a mortgagor between the making of the mortgage and the filing of the same has superior rights to the mortgagor.

2. ——: ——: Abandonment. On the evidence, *held*, the mortgagor never abandoned the mortgage since he took possession thereof during the mortgagor's absence and advertised and sold thereunder.

Appeal from the Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*Shannon & Shannon* for appellant.

(1) The novation of a debt secured by a mortgage discharges the mortgage. 21 Am. & Eng. Enc. of Law (2 Ed.), 674. (2) A fraudulent mortgage will not prevent the mortgagee from obtaining satisfaction of the mortgage debt out of the mortgaged property where the mortgagee takes possession of and sells the property, for the purpose of satisfying said debt, with the knowledge and consent of the mortgagor, after the mortgage has been extinguished or abandoned. Hutchinson & Co. v. Morris Brothers, 86 Mo. App. 40; Shoe Co. v. Arnold, 82 Mo. App. 1. (3) The jury in a garnishment case should state what, if anything, it finds in the hands of the garnishee. Failing to do this there is no finding to support the judgment and it should be arrested. R. S. 1899, sec. 3452; 9 Encyclopedia of Pleading and Practice, p. 851; Marx v. Hart, 166 Mo. 527.

*J. H. Bailey* and *H. T. Harrison* for respondent.

(1) In support of said contention we cite the court to section 3404, Revised Statutes 1899. Harrison v. Mining Co., 95 Mo. App. 80. (2) Where novation takes place by the substitution of a new note for an old, a lien upon property is not discharged so long as the original debt or any part of it can be traced into the new note, and it must be shown in such cases that it was the express intent of the parties that the transaction should extinguish the lien. 21 Am. & Eng. Enc. Law (2 Ed.),

675; Jones on Mortgages (3 Ed.), p. 94, sec. 89. (3) To the second point made in appellant's brief the record in this case shows that the mortgage had not been extinguished or abandoned.

ELLISON, J.—The defendant Chapman and one Bennett were partners in the mercantile business. In May, 1903, Bennett sold his interest in the partnership to the defendant Butchers. Before Bennett sold his interest to Butchers, Chapman and Bennett had, on January 23, 1903, executed their note to garnishee Baker for $350 and gave a chattel mortgage to secure it, they remaining in possession of the property. When Butchers bought out Bennett's interest, he, by agreement of all concerned, erased Bennett's name on the note as maker and substituted his own. Although the note and chattel mortgage were executed to Baker in January, he failed to record the mortgage until the latter part of October following. In the meantime, while the mortgage was thus off of the record, this plaintiff sold to Chapman and Butchers a bill of goods, which are the subject of this controversy. Within a short time after Baker recorded his mortgage he took possession of the property described therein and advertised and sold under the mortgage, receiving the amount of his indebtedness and a surplus of something more than $50 was paid over to creditors other than plaintiff.

Plaintiff then brought suit against Chapman & Butchers on their account and obtained judgment. They then had an execution issued and garnisheed Baker. On trial in the circuit court the plaintiff obtained judgment and the garnishee appealed.

The plaintiff, having extended credit to Chapman & Butchers during the time Baker was withholding his mortgage from record, have superior rights to the latter to the amount of its claim. [Harrison & Calhoun v. South Carthage Co., 95 Mo. App. 80.]

But Baker seeks to avoid the difficulty the mortgage has put in his way by attempting to abandon it, and holding under a seizure of the goods independent of the mortgage. He claims that when Butchers' name was substituted for Bennett's on the note secured by the mortgage, that it was a new debt and that the mortgage was discharged and was no longer of any force or consequence. There is no necessity for admitting or denying the position taken, since it is clearly an afterthought. Baker never abandoned his mortgage. He took possession of the goods during the absence of the mortgagors and advertised and sold them under the mortgage. The court's action was proper, both in giving plaintiff's instruction numbered 2, and refusing the garnishee's.

There is a technical objection made to the form of the verdict which we think is not sufficiently important to justify us in interfering with the judgment, and it is accordingly affirmed. All concur.