### In re SPELMAN. BANK OF STURGEON v. STEWART. SPELMAN v. SAME.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1927.

Nos. 7565, 7566.

1. **Bankruptcy** ⚮161(1)—**Chattel mortgage liens held not voidable preference, because bankrupt refrained from filing petition until expiration of four months (Bankruptcy Act, §§ 60, 67 [Comp. St. §§ 9644, 9651]).**

Farmer's refraining from filing petition in bankruptcy until after four months from execution of chattel mortgages securing notes given by him, though effecting a preference, did not invalidate liens of mortgages, within Bankruptcy Act, §§ 60, 67 (Comp. St. §§ 9644, 9651).

2. **Bankruptcy** ⚮161(1)—**Chattel mortgages held not in fraud of act, because of inducing debtor to refrain from contemplated bankruptcy until four months thereafter (Bankruptcy Act, § 67d [Comp. St. § 9651]).**

Chattel mortgages executed by bankrupt to secure notes *held* not given or accepted in contemplation of or in fraud on the act, within meaning of Bankruptcy Act, § 67d (Comp. St. § 9651), where no question of bankruptcy arose until after they had been accepted and recorded, and notwithstanding that creditor thereafter induced debtor to refrain from contemplated bankruptcy until expiration of four months, for purpose of making good the advantage of its lien.

Appeals from the District Court of the United States for the Western District of Missouri.

In the matter of the bankruptcy of Samuel Spelman, wherein E. S. Stewart was trustee. From an order (13 F.[2d] 645) denying the force of liens to chattel mortgages of the Bank of Sturgeon and another, claimants separately appeal. Reversed, with directions.

J. P. McBaine, of Columbia, Mo. (N. T. Gentry, of Jefferson City, Mo., and Boyle G. Clark, of Columbia, Mo., on the brief), for appellants.

Don C. Carter of Sturgeon, Mo., and J. M. Johnson, of Kansas City, Mo., for appellee.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. These are appeals from two orders which denied the force of liens to two chattel mortgages to secure notes given by a bankrupt.

While the claims, notes and mortgages in the two appeals are entirely different, they are against the same bankrupt and may be treated as presenting the same legal question. Both indebtednesses are bona fide and the security, as to each, is insufficient to satisfy the particular debt. The mortgages were promptly recorded and no concealment existed. At the time the mortgages were given, the mortgagees knew the bankrupt was insolvent. The bankrupt is a farmer. *After* these mortgages had been given and filed, and within four months thereafter, the bankrupt contemplated filing a petition in bankruptcy. Learning of this, one of these creditors prevailed upon him to delay such action until more than four months had elapsed after the date of the mortgage to it. No duress or threats were employed. The bankrupt seemed to feel he was under some special obligations to such creditor because of past favors and readily acceded to this suggestion. Moved by such considerations and for the sole purpose of protecting this mortgage, he refrained from filing such petition until more than four months had elapsed. The other secured creditor seems to have had nothing to do with this arrangement although he was equally protected thereby.

[1] Such a preference is permitted under the State law (Pew v. Price, 251 Mo. 614, 158 S. W. 338). Such a preference is not within those sections of the Bankruptcy Act declaring liens established within four months of filing the petition to be void (sections 60 and 67 [Comp. St. §§ 9644, 9651]). If such are void, it must be because they are in fraud of the act under section 67d (Comp. St. § 9651).

[2] Obviously, neither of these mortgages were "given or accepted * * * in contemplation of or in fraud upon" the act, as required by section 67d, because no question of bankruptcy arose until *after* they had been accepted and recorded and it is not in fraud of the act for a creditor to obtain security even from a debtor he knows to be insolvent at the time. Counsel for appellee seem to concede this, but they contend that if the creditor induces the debtor to refrain from a contemplated bankruptcy for the purpose of making good the advantage of its lien, such action is a fraud upon the other creditors and the act. We can find, in the act, no justification for such a contention. The fact that a farmer can control and make effective such action because he cannot be forced into bankruptcy is a position given him by the act. If his action is not brought about by duress, but through his own voluntary action, we can see no way to prevent it under the act. It is true that one of the two great purposes of the act was to secure equality of division among the creditors, but this is not unqualified. All characters of valid liens are recognized and enforced by

the act except those especially inhibited in the act. Those inhibitions and the validity of liens not so designated apply equally to voluntary or involuntary bankruptcies and to farmers equally to others who may become bankrupts. The act never expresses nor implies any distinction or difference. It is true that, except as to farmers, general creditors are in a position to protect themselves by forcing bankruptcy within a period which may enable them to avoid liens, but that is no reason to give them a protection, as to farmers, not designed by Congress in this long considered and carefully drawn act. For reasons satisfactory to it, Congress denied this position of advantage to creditors where the debtor was a farmer.

Of course, this contention could have no application to the creditor here (Spelman, case No. 7566), who is not shown to have induced the delay, even though he profited thereby. However, we think the contention is unsound even as to the creditor which did induce the delay and for the benefit of which the bankrupt refrained filing his petition.

The orders should be and are reversed with instructions to proceed in accordance with this opinion.